Submitted on the record June 19, ballot title certified June 25, 1998

Richard KOSESAN,
and Roger Collis,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Gail R. O'CONNELL-BABCOCK,
Roger Troen, and Claudia Cullison,
*Intervenors.*

(SC S45420)

959 P2d 75

————————————

James M. Brown, Salem, filed the petition on behalf of petitioners.

Robert B. Rocklin, Assistant Attorney General, Salem, filed the answering memorandum on behalf of respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Robert E. Babcock, Lake Oswego, filed a response to the petition on behalf of intervenors.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Kulongoski, and Leeson, Justices.

PER CURIAM

## PER CURIAM

This is a ballot title review proceeding. Petitioners are electors who, under ORS 250.067(1), submitted timely written comments on the proposed ballot title. They are entitled to seek this court's review.

The Attorney General certified the following ballot title for proposed initiative 84:

"AMENDS LAWS REGULATING DOGS; CHANGES REQUIREMENTS FOR KILLING NUISANCE DOGS

"RESULT OF 'YES' VOTE: 'Yes' vote amends statutes regulating dogs, repeals requirement to kill dogs involved in livestock incidents.

"RESULT OF 'NO' VOTE: 'No' vote retains current laws, including requirement that dogs involved in livestock incidents be killed.

"SUMMARY: Currently, dogs found to have killed, wounded, injured, or chased livestock must be killed. Measure classifies such dogs as public nuisances, authorizes the imposition of fines on owners, and requires a determination that dog cannot be safely kept by a responsible person before killing may be ordered. Measure changes current law permitting the immediate killing of such dogs by requiring prior attempt to abate behavior. Requires counties to comply with state regulation. Establishes formal hearing procedures. Funds responsible ownership programs with increased fines. Other changes."

Petitioners challenge the Attorney General's certified caption, result statements, and summary. We have considered each of petitioners' arguments, but conclude that the certified ballot title complies substantially with statutory requirements. See ORS 250.035(2) (prescribing content of ballot title for statewide measure); ORS 250.085(5) (providing this court's standard of review). Accordingly, we certify the Attorney General's ballot title to the Secretary of State.

Ballot title certified. Pursuant to ORAP 1.20(4) and notwithstanding ORAP 11.30(10), this opinion will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment at

12:00 noon on June 29, 1998, unless a petition for reconsideration is both filed with and physically received by the Office of the State Court Administrator by that time. Any timely petition for reconsideration will stay issuance of the appellate judgment until the court acts on such petition.